GERRIT H. TEN BROEK ET AL., APPELLANTS, V. GEORGE W.
CALDWELL ET AL., APPELLEES.

FILED FEBRUARY 27, 1914. No. 17,662.

1. **Receivers, Suits by:** JURISDICTION. A court of competent jurisdiction in the state of Missouri appointed a receiver of hotel property in the city of St. Louis, and ordered the receiver to sell the property. These defendants made an offer in writing to purchase the property and pay $9,000 in cash therefor and $10,000 in receiver's certificates which they held. The court approved the offer, and directed the receiver to accept the same, which he did. Thereupon the defendants took the property and gave the receiver the $10,000 in receiver's certificates and $8,000 in cash, but refused to pay the remaining $1,000. The court then ordered the receiver to begin proceedings against the defendants to recover the remainder of the purchase price. *Held*, That the receiver could maintain such action in this state, these defendants being found here.

2. ———: SET-OFF. Also *held* that the defendants should not be allowed to offset in such action receiver's certificates held by them.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Reversed*.

*Brome & Brome* and *R. A. Jones,* for appellants.

*Hastings & Ireland, contra.*

SEDGWICK, J.

A corporation called the Cook Hotel & Excursion Company was created for the purpose of conducting a hotel business at the Louisiana Purchase Exposition, held in the city of St. Louis in 1904. After expending considerable money it was found that the business was unsuccessful, and upon application of a creditor the plaintiff Gerrit H. Ten Broek was appointed a receiver by the circuit court of the city of St. Louis. These defendants were at that time creditors of the corporation, and they advanced to the receiver $35,000 to complete the building and pro-

vide furniture therefor. For this money they received the receiver's certificates. The business was not successful, and the court duly authorized the receiver to sell the property, and bids were called for, and, among others, these defendants submitted to the receiver a proposal in writing to purchase the property. Their proposal was as follows: "We propose to give the sum of $9,000 cash, as follows: $2,500 on acceptance of this bid, and $5,500 within ten days thereafter and before removal of the property, and $1,000 within sixty days of the acceptance of this bid, and $10,000 receiver's certificates, for the Napoleon Bonaparte Hotel, except engine, and all connections and belongings thereto of whatsoever kind; also all furniture and fixtures contained in and about said hotel of whatsoever kind." This offer was submitted to the court, and the court directed that it be accepted and the property sold. The defendants took possession of the property, and made the payments therefor in cash and receiver's certificates, as stated in the offer, except the sum of $1,000. Afterwards the receiver reported these conditions to the court, and the court authorized and directed the receiver to begin proceedings against the defendants to recover the $1,000 remaining unpaid on their purchase. The receiver then began this action in the district court for Douglas county. The defendants answer, admitting substantially the facts above stated, and alleging that there were issued to them $25,000 of receiver's certificates in addition to those turned over by them in payment of the property under their bid, and that these certificates were unpaid, and asked judgment against the receiver for the sum of $35,000, with interest. They also alleged that they had advanced other sums of money for the purchase of materials and supplies, upon which some payments had been made, including the $1,000 remainder of the purchase price sued for, and that there was still a balance due them for materials and supplies, and asked judgment for that also. There was also a plea of the statute of limitations, which is not insisted upon in the briefs. The

95 Neb. 30

district court found in favor of the defendants and entered a judgment in their favor for the costs. The plaintiffs have appealed.

In the brief the defendants say that there are three questions presented: "First. Did the plaintiffs as such receivers appointed by a foreign court have the capacity to sue in the courts of the state of Nebraska, and also have capacity to maintain this action? Second. If they do have the capacity to sue and can maintain an action in the courts of Nebraska, can they place themselves in a better position and place the defendants at a greater disadvantage in this court than in a foreign court of original jurisdiction? Third. Are the claims made by appellees such claims as operate as a set-off or counter-claim, where each would entitle them to relief in a foreign court of equity?" The argument appears to be that if the court which appointed the receiver obtained complete jurisdiction over the rights and interests of these defendants, as well as other parties interested, and still had jurisdiction of all the parties to determine their rights and interests, such jurisdiction is exclusive, and therefore no action could be maintained in the courts of this state. It is said in the brief: "Appellants could have had adjudicated the same issues in the Missouri court. We insist that, if they have the capacity to sue or maintain this action, in this court, this court has all of the authority, power, privileges, rights and prerogatives as the Missouri court would have had, had these same issues been presented to it." If the court which appointed the receiver could have proceeded summarily to hear and determine the liabilities of the defendants upon their contract of purchase of the property, it could also undoubtedly have authorized the receiver to proceed in an action at law against the defendants if the defendants had been citizens of and within the state of Missouri. In such action the defendants would be entitled to trial by jury. The court directed the receiver to bring this action, and there can be no doubt of his right to maintain the same. Receivers appointed by the courts of other states are always allowed, upon principles of comity, to

maintain an action in this state against the citizens thereof upon contracts for the payment of money which such receivers are fully authorized to collect.

These defendants are not in a position to offset the receiver's certificates against this claim of the receiver. Their contract is specific. It is therein specified that they were to pay a proportion of their bid in receiver's certificates and a specified amount in cash. They have turned over the receiver's certificates provided for in the contract, but have failed to pay to the receiver the amount of cash which they agreed to pay as the purchase price of this property. When this property was offered for sale all of the creditors whose claims had been allowed by the court were interested in the property. It was the right of these creditors to have the property disposed of and reduced to cash, and when that was done it was the duty of the court to direct the distribution of the money so received. If these defendants, notwithstanding their specific contract to pay a certain amount of cash for this property, could substitute their receiver's certificates therefor, the effect would be to turn over all of the property available to the creditors for the benefit of one creditor only, contrary to the judgment of the court, and in violation of the rights of the other creditors. Clearly they would not be entitled to offset such certificates in the court having jurisdiction of the receiver, and they cannot be allowed to do so in the courts of this state.

The judgment of the district court is reversed and the cause remanded.

REVERSED.

LETTON, FAWCETT and HAMER, JJ., not sitting.